UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:16 CV 170 |
| | ) | (arising from No. 2:09 CR 152) |
| TIMOTHY MANUEL | ) | |

## OPINION and ORDER

Timothy Manuel has filed a motion (DE # 47) challenging his sentence pursuant to 28 U.S.C. § 2255. For the reasons identified below, Manuel's motion will be denied.

### I. BACKGROUND

On November 18, 2010, this court accepted Manuel's plea agreement, and entered judgment convicting Manuel of unlawful possession of a firearm by a felon, pursuant to 18 U.S.C. § 922(g). (DE # 28.) While this offense typically carries a 10-year maximum term of imprisonment, this court sentenced Manuel as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a classification that carries a 15-year minimum term of imprisonment. This court sentenced Manuel to the minimum 15-year term of imprisonment. (DE # 28.) Manuel's ACCA sentence was predicated on his Indiana felony convictions for: Class B Burglary in 1984, Class C Robbery in 1997, and Class C Robbery in 2006. (DE # 20 at 5.)

Manuel's motion to vacate argues that, after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)[1], his 1984 Burglary and 2006 Robbery

---

[1] This opinion references two Supreme Court opinions with the name "Johnson." For the sake of clarity, this court will refer to *Johnson v. United States*, 559 U.S. 133 (2010) as *Curtis Johnson*, and *Johnson v. United States*, 135 S. Ct. 2551 (2015) as *Samuel Johnson*.

convictions no longer qualify as violent felonies under the ACCA, and thus he may no longer be sentenced as an armed career criminal under the ACCA. (DE # 47 at 3.)

## II. LEGAL STANDARD

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal citation and quotation marks omitted). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity for full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). A motion under § 2255 "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (internal citation and quotation marks omitted). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## III. DISCUSSION

*A.    Burglary Conviction*

Under the ACCA, a defendant who is convicted of unlawful possession of a firearm must be sentenced as an armed career criminal, and thus is subject to the 15-year mandatory minimum, if he "has three previous convictions by any court referred

to in § 922(g)(1) of this title for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A prior offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it:

- "has as an element the use, attempted use, or threatened use of physical force against the person of another";
- "is burglary, arson, or extortion, [or] involves the use of explosives"; or
- "otherwise involves conduct that presents a serious potential risk of physical injury to another."

§ 924(e)(2)(B). "The first part of the definition is known as the 'force clause'; the second clause lists specific qualifying offenses, most notably burglary; and the third clause is the 'residual clause.'" *Van Cannon v. United States*, 890 F.3d 656, 659 (7th Cir. 2018). In *Samuel Johnson*, the Supreme Court held that the residual clause was void for vagueness. *Samuel Johnson*, 135 S. Ct. at 2562-63. Thus, a prior offense may only qualify as a "violent felony" under the ACCA if it is either one of the enumerated offenses (burglary, arson, extortion, or use of explosives), or falls within the "force clause." Neither Manuel nor the Government argue that Manuel's burglary conviction has force as an element of the offense. Thus, the question before this court is whether Manuel's 1984 conviction for Class B Burglary qualifies as "burglary" as enumerated in the ACCA.

The term "burglary" in the ACCA refers only to crimes that fit within "generic" burglary, which the Supreme Court has defined as "an unlawful or unprivileged entry

into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). "Determining whether burglary under a given state's law is a violent felony presents a categorical question that focuses exclusively on the state crime's elements and not on the facts underlying the conviction." *United States v. Foster*, 877 F.3d 343, 344 (7th Cir. 2017) (citing *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016)). "The state crime's elements must be the same as, or narrower than, the elements of generic burglary, so that the crime covers no more conduct than the generic offense." *Id.*

At the time of Manuel's 1984 burglary conviction, Indiana Code § 35-43-2-1 stated: "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling[.]" Manuel was convicted for burglary of a dwelling. "Dwelling" was defined as "a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." Ind. Code § 35-41-1-10 (1984).

Manuel contends that Indiana burglary is more broad than the generic version of burglary applied to the ACCA by *Taylor* because the Indiana definition of burglary would include the entry of temporary, movable structures (such as tents, cars, or boats) and other enclosed spaces (such as fences), whereas the generic definition of burglary announced in *Taylor* would not. (DE # 47 at 5-8.) However, this argument has been

4

foreclosed by subsequent Seventh Circuit decisions in which the Court held that Indiana burglary is a violent felony for purposes of the ACCA because it is at least as narrow as generic burglary. *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1545 (2018) (Class C Burglary); *Foster*, 877 F.3d at 345 (Class B Burglary). In fact, the Court in *Foster* specifically rejected the argument that Indiana burglary is broader than generic burglary on the basis that it encompasses temporary, movable structures and other enclosed spaces. *Foster*, 877 F.3d at 345. The Court held that this "argument about the breadth of 'dwelling' reads out of the burglary statute the limitation that the crime is a Class B felony only 'if the building or structure is a dwelling[.]'" *Id.* "[B]ecause only places that are both a 'building or structure' and a 'dwelling' come within Class B burglary, it does not matter how broadly Indiana defines 'dwelling.'" *Id.*[2]

For these reasons, Manuel's 1984 conviction for burglary qualifies as a "burglary" as enumerated under the ACCA, and is appropriately counted as a predicate offense for purposes of the ACCA. *See also United States v. Handshoe*, 740 F. App'x 104, 105 (7th Cir. 2018) ("Indiana burglary practically mirrors the generic definition."); *United States v. Schmutte*, 709 F. App'x 375, 376 (7th Cir. 2018) (Indiana Class B Burglary qualifies as a violent felony under the ACCA); *United States v. York*, 711 F. App'x 793, 794 (7th Cir. 2018) (defendant's prior convictions for Indiana burglary

---

[2] The statutory language considered in *Foster* is the same language under which Manuel was convicted.

5

"necessarily qualify as violent felonies under this court's precedent.").

### B. *Robbery Conviction*

Manuel also argues that his 2006 conviction for robbery does not qualify as a "violent felony" under the ACCA. (DE # 47 at 14.) At the time of Manuel's robbery conviction, Indiana Code § 35-42-5-1 stated: "A person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery, a Class C felony." Manuel argues that, pursuant to *Curtis Johnson*, his conviction for robbery by putting another person in fear does not have as an element the use, attempted use, or threatened use of *violent*, physical force against another person, and therefore is not a "violent felony" under the ACCA. (DE # 47 at 14-15.) *See also Curtis Johnson*, 559 U.S. at 140 ("We think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." (emphasis in original)). However, like his argument with respect to his burglary conviction, Manuel's argument with respect to his 2006 robbery conviction has been foreclosed by a subsequent ruling from the Seventh Circuit.

In *United States v. Duncan*, 833 F.3d 751 (7th Cir. 2016), the Seventh Circuit held that Indiana Code § 35–42–5–1 includes as an element "the use, attempted use, or threatened use of physical force against the person of another" such that it qualifies as a violent felony under the ACCA. The Court specifically found that the statute's "putting

6

any person in fear" element satisfied *Curtis Johnson* because, under Indiana case law, a person only commits robbery under § 35–42–5–1 if he puts another in fear of bodily injury. *Id.* at 752. Thus, "[a] conviction for robbery under the Indiana statute qualifies under the still-valid elements clause of the ACCA definition of violent felony." *Id.*[3]

Thus, pursuant to *Duncan*, Manuel's 2006 robbery conviction qualifies as a violent felony under the ACCA. Manuel has failed to demonstrate that he is entitled to relief pursuant to § 2255 and his motion will be denied.

C. *Certificate of Appealability*

Pursuant to § 2255 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. A court should issue such a certificate only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find debatable whether the district court correctly resolved the issues or would conclude that those issues deserve further proceedings. 28 U.S.C. § 2255; 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). In light of the controlling case law, the conditions for the issuance of a certificate of appealability are not present in this case, and no certificate will issue.

---

[3] The version of Indiana Code § 35-42-5-1 considered in *Duncan* is the same as the version under which Manuel was convicted, with the exception that the later version of the statute considered in *Duncan* deemed the offense a "Level 5" felony, whereas the version under which Manuel was convicted deemed the offense a "Class C" felony.

## IV. CONCLUSION

For these reasons, the court **DENIES** Manuel's motion to vacate (DE # 47). The court also **DENIES** Manuel a certificate of appealability. The court **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** dismissing the collateral civil proceeding (2:16 CV 170) with prejudice, and to give notice to defendant-movant Manuel.

         SO ORDERED.

Date: July 2, 2019

         s/James T. Moody
         JUDGE JAMES T. MOODY
         UNITED STATES DISTRICT COURT